UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR PACHECO | No. 2:20-cv-02508 KJM DB P |
| Plaintiff, | |
| v. | ORDER |
| RALPH DIAZ, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). Under 28 U.S.C. § 1404(a), "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

A district court may transfer an action sua sponte under section 1404(a). <u>Wash. Pub. Util. Group v. U.S. Dist. Ct.</u>, 843 F.2d 319, 326 (9th Cir. 1987). In weighing a transfer, the court considers both public factors, which go to the interests of justice, and private factors, which go to the convenience of the parties and witnesses. See <u>Decker Coal Co. v. Commonwealth Edison Co.</u>, 805 F.2d 834, 843 (9th Cir.1986). "The degree to which courts defer to the plaintiff's chosen venue is substantially reduced where the plaintiff does not reside in the venue or where the forum lacks a significant connection to the activities alleged in the complaint." <u>Williams v. Bowman</u>, 157 F.Supp.2d 1103, 1106 (N.D. Cal. 2001); <u>see also</u> <u>Lou v. Belzberg</u>, 834 F.2d 730, 739 (9th Cir. 1987) ("If the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, [the plaintiff's] choice is entitled to only minimal consideration."), cert. denied, 485 U.S. 993 (1988).

In this case, the claims arose in Riverside County, which is in the Central District of California. Plaintiff resides in the Central District, most of the defendants are employed in the Central District, the events at issue occurred at Ironwood State Prison ("ISP"), which is in the Central District, most of the grievances at issue would be found in ISP files in the Central District, and potential nonparty witnesses also reside, or are employed in, the Central District. Therefore, in the interest of justice, this case will be transferred to the Central District of California. <u>See</u> 28 U.S.C. § 1406(a). In light of this transfer, the court will defer to the Central District for ruling on plaintiff's request to proceed in forma pauperis.

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Central District of California.

Dated: October 1, 2021

DLB7
pach2508.21

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE